Joshua B. Swigart (SBN 225557)
josh@swigartlawgroup.com
**SWIGART LAW GROUP, APC**
2221 Camino Del Rio S., Ste. 308
San Diego, CA 92108
Phone: 866-219-3343
Fax: 866-219-8344

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.F., A.M., M.C., J.C., and G.H., individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GOLDEN VALLEY HEALTH CENTERS**,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF**<br><br>**(1) THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CIVIL CODE §§ 56 ET SEQ. ("CMIA")**<br><br>**(2) NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiffs S.F., A.M., M.C., J.C., and G.H., collectively as "Plaintiffs"), using pseudonyms used to protect the privacy of the named Plaintiffs, bring this class action on behalf of themselves individually and all others similarly situated, by and through their attorneys, against Defendant GOLDEN VALLEY HEALTH CENTERS ("GVHC" or "Defendant") and allege upon information and belief as follows:

**INTRODUCTION**

1. Under the Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.* (hereinafter referred to as the "CMIA"), Plaintiffs S.F., A.M., M.C., J.C., and G.H and all other persons similarly situated, had a right to keep their personal medical information provided to Defendant GOLDEN VALLEY HEALTH CENTERS ("Defendant") confidential. The short title of the CMIA states, "The Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved. It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information." The CMIA specifically provides that "a provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization...." Civil Code. § 56.10(a). The CMIA further provides that "Every provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains,

preserves, stores, abandons, destroys, or disposes of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101(a).

2. Civil Code § 56.36(b) provides Plaintiffs, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000). In order to recover under this paragraph, *it shall not be necessary that the plaintiff suffered or was threatened with actual damages*. (2) The amount of actual damages, if any, sustained by the patient." (Emphasis added.)

3. This class action is brought on behalf of Plaintiffs and a putative class ("the Class") defined as:

Subclass 1:

All citizens of the State of California who received medical care from Golden Valley Health Centers whose identities, personal data, and medical information were contained in an email account discovered on or about March 3, 2020.

Subclass 2:

All citizens who received medical care from Golden Valley Health Centers whose identities, personal data, and medical information were contained in an email account discovered on or about March 3, 2020.

4. As alleged in greater detail below, Defendant discovered on or about on March 3, 2020, that certain confidential patient data was disseminated to unauthorized and undisclosed third parties. Plaintiffs and other similarly situated members of the putative class were patients, receiving or received medical care from Defendant. Plaintiffs and other patients relied on Defendant not only to aid them in procuring life- saving treatments, but to keep their personal medical information, including their identities, medical record numbers, parent and guardians' names, and descriptions of the imaging study, and the names of the referring physician strictly confidential as required by the CMIA and other applicable laws. As alleged more fully below, Defendant negligently created, maintained, preserved, and stored Plaintiffs' and the Class members' confidential medical information without Plaintiffs' and the Class members' prior written authorization, which constitutes an unauthorized release of their confidential medical information in violation of Civil Code § 56.101 of the CMIA. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiffs seek for themselves individually and on behalf of all others similarly situated, nominal damages from Defendant in the amount of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1). Additionally, Plaintiffs, individually an on behalf of all others similarly situated, seek injunctive relief.

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over thus action under 28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA") because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, with at least one member of the proposed Class being a citizen of a different state than Defendant.

9. Venue is appropriate in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff A.M. resides in the County of Merced, State of California, and S.F. resides in the County of Stanislaus, both of which are within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   a) is authorized to conduct business in this district and has intentionally availed itself to the laws and markets within this district;
   b) does substantial business within this district;
   c) is subject to personal jurisdiction with this district because it has availed itself o the laws and markets within this district; and
   d) the harm to Plaintiffs S.F. and A.M. occurred within this district.

## PARTIES

10. Plaintiff S.F. is a resident and citizen and resident of Stanislaus County in the State of California, and is a person receiving and/or received medical care by

Defendant. At all times relevant to this action, Plaintiff S.F. was a patient of Golden Valley Health Centers.

11. Plaintiff A.M. is a resident and citizen and resident of Merced County in the State of California, and is a person receiving and/or received medical care by Defendant. At all times relevant to this action, Plaintiff A.M. was a patient of Golden Valley Health Centers.

12. Plaintiff M.C. is a resident and citizen and resident of Stanislaus County in the State of California, and is a person receiving and/or received medical care by Defendant. At all times relevant to this action, Plaintiff M.C. was a patient of Golden Valley Health Centers.

13. Plaintiff J.C. is a resident and citizen and resident of Chaffee County in the State of California, and is a person receiving and/or received medical care by Defendant. At all times relevant to this action, Plaintiff J.C. was a patient of Golden Valley Health Centers.

14. Plaintiff G.H. is a resident and citizen and resident of Stanislaus County in the State of California, and is a person receiving and/or received medical care by Defendant. At all times relevant to this action, Plaintiff G.H. was a patient of Golden Valley Health Centers.

15. Defendant GOLDEN VALLEY HEALTH CENTERS is a domestic nonprofit healthcare provider under the laws of the State of California with a principal place of business and/or headquarters located at 737 W. Childs Avenue, Merced, California, 95341.

**FACTUAL ALLEGATIONS**

16. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as if fully stated herein.

17. All Plaintiffs are residents and citizens within this judicial district and are persons who received and/or are currently receiving medical care from Defendant.

18. Defendant Golden Valley Health Centers is a licensed provider of health care services. The hospital offers services for family medicine, pediatrics, women's health, internal medicine, dental care, podiatry, and optometry. Defendant is a health care provider under the laws of the State of California with a principal place of business and/or headquarters located at 737 W. Childs Avenue, Merced, CA 95341.

19. On March 3, 2020, the Defendant determined that approximately, 39,700 patients' personal information that was stored in an email account had been compromised by an unknown, unauthorized, third party.

20. As a medical care provider, Golden Valley Health Centers was privy to Plaintiffs' confidential medical information. As a custodian of the private health information of its clients, the Defendant is required by state law to ensure that such information is not disclosed or disseminated without the clients' consent.

21. Among the services that Golden Valley Health Services provides, it is pertinent that authorized medical professionals have access to their clients' confidential medical information in the system, and to subsequently access the private health information of individuals receiving health care services from Golden Valley Health Centers.

22. On or about March 20, 2020, Defendant sent a letter notifying patients of the data breach. The letter was signed by GVHC Chief Information Officer, Wunna Mine stating that their records were comprised when an unknown, unauthorized third party accessed patients' personal information contained in an email account without patients' consent. Golden Valley Health Centers requires patients to provide detailed information about their health care, as well as access to

their medical records. At all relevant times, all people were patients receiving health care services from Golden Valley Health Centers.

23. Defendants' investigation has been unable to determine whether Plaintiffs' and the Class members' personal information may have been accessed by one or more additional persons and to date has not disclosed the identity of the individual(s) who may have improperly accessed Plaintiffs' and the Class members' patient information. Further, the information about Plaintiffs and the Class that may have been inappropriately accessed have included Plaintiffs' and the Class members' billing and insurance information, patient referral information, and appointment records.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves individually and on behalf of all others similarly situated. The putative class ("the Class") that Plaintiffs seeks to represent is composed of two subclasses:

Subclass 1:

All citizens of the State of California who received medical care from Golden Valley Health Centers whose identities, personal data, and medical information were contained in an email account discovered on or about March 3, 2020.

Subclass 2:

All citizens who received medical care from Golden Valley Health Centers whose identities, personal data, and medical information were contained in an email account discovered on or about March 3, 2020.

25. Excluded from the Class are any of Defendant's officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any

entity in which Defendant has a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

26. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant.

27. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the class, and Plaintiffs can fairly and adequately represent the interests of the Class.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Plaintiffs and the Class had their medical information recorded onto Defendant's internet portal on or before March 3, 2020.
   b) Whether Defendant's publishing Plaintiffs' and the Class' medical information on the internet that was being stored on an email account, accessible to anyone without the need for decryption or entry of a password, was permissible without the prior written authorization of Plaintiffs and the Class, as required by Civil Code § 56.10 of the CMIA;
   c) Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet that was being stored on an email account, accessible to anyone without the need for decryption or entry of a password, was permissible without written authorization from the Plaintiffs and the Class under any exemption under Civil Code § 56.10(c);
   d) Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet that was being stored on an email account,

accessible to anyone without the need for decryption or entry of a password, constitutes a release of Plaintiffs' and the Class' confidential, individual identifiable medical information in violation of Civil Code §56.101 of the CMIA; and

e) Whether Plaintiffs and the Class are entitled to nominal and/or statutory damages.

29. Plaintiffs' claims are typical of those of the other Class members because Plaintiffs, like every other Class member, were exposed to virtually identical conduct and are entitled to nominal damages of one thousand dollar ($1,000) per violation pursuant to Civil Code §§ 56.101 56.36(b)(1), and actual damages, if any, per violation pursuant to Civil Code §§ 56.101, 56.36(b)(2).

30. Plaintiffs will fairly and adequately protect the interests of the Class. Moreover, Plaintiffs have no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period. In addition, Plaintiffs have retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32. Proper and sufficient notice of this action may be provided to the Class members through direct mail.

33. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of this action as a class action, Plaintiffs and the members of the Class will continue to be damaged by the unauthorized release of their individual identifiable medical information.

# CAUSES OF ACTION

## Count I

## Violations of the Confidentiality of Medical Information Act ("CMIA")

## California Civil Code §§ 56, et seq.

34. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as if fully stated herein.

35. Defendant is a "licensed health care professional," within the meaning of Civil Code § 56.05(h), and maintained and continues to maintain "medical information," within the meaning of Civil Code § 56.05(j), of "patients" of the Defendant, within the meaning of Civil Code § 56.05(k).

36. Plaintiffs and the Class are "patients" of Defendant within the meaning of Civil Code § 56.05(k) and are "endanger[ed]" within the meaning of Civil Code § 56.05(e) because Plaintiffs and the Class fear that disclosure of their medical information could subject them to harassment or abuse. Furthermore, Plaintiffs and the Class, as patients of Defendant, had their individually identifiable "medical information," within the meaning of Civil Code § 56.05(j), created, maintained, preserved, and stored on Defendant's computer network, and were patients in March 3, 2020.

37. By making Defendant's email account accessible to third parties, Defendant negligently created, maintained, preserved, stored, and then exposed Plaintiffs' and the Class members' individual identifiable "medical information,"

within the meaning of Civil Code § 56.05(j), including Plaintiffs' and the Class members' names, genders, date of birth, medical record numbers, parent and guardians' names, descriptions of the imaging study and the names of the referring physician, on the Defendants' internal internet portal maintained by Defendant.

38. Defendant allowed Plaintiffs' and the Class members' medical information to become publicly available on the Internet by publishing it on an email account which was accessed by unidentified unauthorized third parties.

39. Defendant allowed to be published Plaintiffs' and the Class members' medical information through one of Defendant's email accounts, without the prior written authorization of Plaintiffs and the Class, as required by Civil Code § 56.10 of the CMIA.

40. Defendant's failure to obtain the written consent of Plaintiffs and the Class before allowing to be published Plaintiffs' and the Class members' medical information that was being stored on an email account, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiffs and the Class, constitutes a negligent release of Plaintiffs' and the Class members' confidential, individual identifiable "medical information" to an unauthorized person or persons in violation of Civil Code § 56.101 of the CMIA and the common law.

41. Furthermore, Defendant's publishing Plaintiffs' and the Class members' medical information on the Internet that was being stored on an email account, was not permissible without written authorization from the Plaintiffs and the Class under any exemption under Civil Code § 56.10(c).

42. As a result of Defendant's above-described conduct, Plaintiffs and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

43. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiffs, individually and for each member

of the Class, seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2) and damages provided by the common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the Court grant Plaintiffs and the Class the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action as to both Subclass 1 and 2;
- That the Court appoint Plaintiffs to serve as the Class Representatives in this matter and appoint Plaintiffs' Counsel as Class Counsel;
- That Plaintiffs and the Class be awarded prejudgment interest, reasonable attorneys' fees, and costs of suit pursuant to Code of Civil Procedure § 1021.5 and California Civil Code § 1780, and/or any other applicable law;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein;
- That Plaintiffs and the Class be awarded injunctive relief prohibiting such conduct in the future;

### For Count I
### Violations of Cal. Civ. Code §§ 56, et seq. (CMIA)

- An award of nominal damages in the amount of $1,000.00 per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to Cal. Civ. Code § 56.36(b)(1);
- An award of actual damages according to proof per violation pursuant to Cal. Civ. Code § 56.36(b)(2); and
- Any and all further relief that this Court deems just and proper.

## For Count II
## Negligence

- As alleged in this complaint, Defendant undertook care of confidential medical information and personal information belonging to Plaintiffs and the putative class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of patient data loss and harm and identity theft and other economic losses, in amounts to be decided by the jury.

Respectfully submitted,

Dated: March 29, 2020          **SWIGART LAW GROUP, APC**

_/s/ Joshua B. Swigart_

Joshua B. Swigart

*Attorneys for Plaintiffs and the Putative Class*